## 2019-74234 / Court: 061

CAUSE NO. _____

| | | |
|---|---|---|
| **DEVIN ZABIHI, by and through his Father and GUARDIAN, DANIEL ZABIHI** *Plaintiff*, | § § § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | _____ **JUDICIAL DISTRICT** |
| **THE POST OAK HOTEL, LANDRY'S. INC., LANDRY'S MANAGEMENT, LP, UPTOWN HOUSTON ASSOCIATION, TRACI J. DUFF, INDIVIDUALLY, AND TRACI SCOTT, L.L.C., JOSHUA BARRY, INDIVIDUALLY, AND MONUMENT PROTECTIVE SERVICES, LLC** | § § § § § § § § § | **HARRIS COUNTY, TEXAS** |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE AND REQUESTS FOR PRODUCTION AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEVIN ZABIHI an incapacitated adult, by and through of his Father and Guardian, DANIEL ZABIHI, and files this *Plaintiff's Original Petition, Requests for Disclosure and Requests for Production and Inspection* against Defendants The Post Oak Hotel, Landry's Inc., Landry's Management, LP., Traci J. Duff, individually, Traci Scott, L.L.C., Joshua Barry, individually, and Monument Protective Services, LLC, and in support thereof would respectfully show this Court as follows:

### I. DISCOVERY CONTROL PLAN

1.     Pursuant to Rules 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### II. CLAIM FOR RELIEF

2.     Plaintiff seeks monetary relief over $1,000,000.00 or whatever the jury deems

**Exhibit 1**

appropriate, fair, and reasonable.

### III. PARTIES & SERVICE

3.1    Plaintiff is an individual residing in Harris County, Texas.

3.2    Defendant, **The Post Oak Hotel** (hereinafter "Defendant" and/or "Defendant Post Oak") is located at 1600 West Loop South, Houston, Texas, 77027 and a corporation with an active right to transact business recorded with the Texas Secretary of State. Service of Process on Defendant may be effectuated pursuant to article 2.11(a) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code and may be served by serving Landry's Inc's registered agent, Stephen L. Schienthal at 1510 West Loop South, Houston, Texas 77027-9505. Citation is requested at this time.

3.3    Defendant, **Landry's, Inc.** (hereinafter "Defendant" and/or "Defendant Landry's") is a corporation with an active right to transact business recorded with the Texas Secretary of State. Service of Process on the Defendant may be effectuated pursuant to article 2.11(a) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code may be served by serving its registered agent Stephen L. Schienthal at 1510 West Loop South, Houston, Texas 77027-9505.  Citation is requested at this time.

3.4    Defendant, **Landry's Management, LP** (hereinafter "Defendant" and/or "Defendant Landry's Management") is a corporation with an active right to transact business recorded with the Texas Secretary of State. Service of Process on the Defendant may be effectuated pursuant to article 2.11(a) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code may be served by serving its registered agent Stephen L. Schienthal at 1510 West Loop South, Houston, Texas 77027-9505.  Citation is

*Devin Zabihi Original Petition*

**Exhibit 1**

requested at this time.

3.5     Defendant, **Traci J. Duff** (hereinafter "Defendant" and/or "Defendant Traci Duff") is an individual residing in Harris County and may be Served with Process at 615 West Gray Street, Houston, Texas 77019, and/or 1125 Harvard Street, Houston, Texas 77008-6938 or wherever she may be found. Citation is requested at this time.

3.6     Defendant **Traci Scott Salon and/or Traci Scott, L.L.C.** (hereinafter "Defendant" and/or "Traci Scott Salon") is a company incorporated in Texas with an active right to conduct business in this state. Service of Process on the Defendant may be effectuated pursuant to article 2.11(a) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code and may be served by and through its registered agent, Traci J. Duff at 615 West Gray Street, Houston, Texas 77019, and/or 1125 Harvard Street, Houston, Texas 77008-6938 or wherever she may be found. Citation is requested at this time.

3.7     Defendant **Joshua Barry** (hereinafter "Defendant" and/or "Defendant Barry") is an individual residing in Harris County and may be Served with Process at 1700 Seaspray Court, Apt # 2227, Houston Texas 77008-3150 or wherever he may be found. Citation is requested at this time.

3.8     Defendant **Monument Protective Services, LLC** (hereinafter "Defendant" and/or "Defendant Monument") is a Texas business with an active right to transact business recorded with the Secretary of State. Service of Process on the Defendant may be effectuated pursuant to article 2.11(a) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, or any other registered agent by certified mail, return receipt requested at 5900 Balcones Dr., Suite 100, Austin, Texas 78731-4264. Citation is requested at this time.

*Devin Zabihi Original Petition*

**Exhibit 1**

## IV. Jurisdiction & Venue

4.1    This Court has subject matter jurisdiction over this controversy because the damages are within its jurisdictional limits.

4.2    This Court has jurisdiction of the parties because Defendants' purposely availed themselves to the privileges of conducting business in the state of Texas and established the minimum contact sufficient to confer jurisdiction over said Defendants as Defendants are incorporated in the State of Texas.

4.3    Venue is proper in Harris County, Texas because under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code all or a substantial part of the events or omissions giving rise to this suit occurred in Harris County, Texas.

## V. Agency

5.1    Unless otherwise stated, whenever it is alleged that Defendant or "Defendants" committed an act, failed to perform an act, made a representation or a statement, or failed to make a disclosure, and/or took possession of Devin Zabihi, it is alleged that Defendants acted or failed to act through its authorized agents, servants, employees or representatives acting with either expressed, implied, apparent, direct and/or ostensible authority, or Defendants subsequently ratified these acts, failures to act, representations, statements or conduct.

## VI. Background Facts

6.1    On or about July 8, 2019, Plaintiff Devin Zabihi, was enjoying a meal with his Father, Daniel Zabihi, and his brothers Kain and Romeo Zabihi, at the Craft F&B restaurant located inside the Post Oak Hotel in Uptown Houston. Plaintiff is an autistic, non-verbal, 19-year-old man who is the subject of this suit.  Before the incident giving rise to this suit, it was the Zabihi's family tradition to dine at the Craft F&B at least three (3) to four (4) times per week. The staff at the

*Devin Zabihi Original Petition*

**Exhibit 1**

restaurant and hotel were well acquainted with the Zabihi family, as they were very regular and loyal customers.

6.2    During and after the course of the meal, Plaintiff got up from the family table at the Craft F&B to go to the restroom and have a walk around. This was Plaintiff's usual and customary routine. Plaintiff's father and guardian, Daniel Zabihi, states Plaintiff, Devin was in the habit of intermittently leaving the table during the meal and afterward, to walk around the Post Oak Hotel and the patio outside of the Craft F&B. Devin did this to release the energy that is a known result of autism.

6.3    Approximately sometime between the hours of 2:00 P.M. and 3:30 P.M.  Plaintiff was seen outside the patio area of the Craft F&B on the adjacent sidewalk in front of the Traci Scott Salon, which is located inside the Post Oak Hotel and next door to the restaurant. Plaintiff was seen to be observing himself in the reflection of the window of the salon, at a distance of approximately ten (10) to twelve (12) feet from the salon and its window.

6.4    Over the course of the hour and a half, Plaintiff was seen to appear in the window of the adjacent salon on approximately three (3) or four (4) separate instances that were roughly ten (10) to fifteen (15) minutes apart. Plaintiff's inadvertent tics, which are a result of his autism, is reported to have made Defendant Traci Duff and her employee "uncomfortable". As a result, Ms. Duff and an unnamed employee called the Post Oak Hotel security.

6.5    Upon initial inspection of the report, hotel security disregarded the call. Hotel security was also seen arriving at the Craft F&B to enquire information from an employee of the restaurant. This was presumed to be regarding Plaintiff's attendance at the restaurant with his family. Hotel management, security or staff, however, never informed Plaintiff's family of the situation.

*Devin Zabihi Original Petition*

**Exhibit 1**

6.6 Each time Plaintiff appeared in the window of the salon (at 10 to 15-minute intervals), Ms. Duff and her employee were seen to run out of the salon, and again call the security of the Post Oak Hotel.

6.7 Security was seen to enter the Traci Scott Salon and discuss the situation with Ms. Duff and her employee on at least two (2) occasions.

6.8 As a result of Ms. Duff's continued and repeated calls to hotel security and frantic and fearfully desperate false accusations, Ms. Duff and her employee conspired with hotel staff, management and security to falsely imprison, arrest and assault Plaintiff, a disabled individual. This was all a result of Devin Zabihi innocently looking in the window of the salon. Devin Zabihi only actually approached the window of the salon and looked in on one occasion, and that only for a few seconds. When he did this, Defendants abruptly and forcefully apprehended Plaintiff and placed him in handcuffs.

6.9 Plaintiff was unaware that Defendants were conspiring to falsely arrest and imprison him as he innocently approached the salon window to look in. Plaintiff could not have been aware because Plaintiff is an innocent, non-verbal, autistic male of nineteen-years-old who has no understanding of the irrational fear and paranoia some individuals have regarding his disability.

6.10 Plaintiff's disability of autism is readily apparent to anyone who spends just a few seconds with Plaintiff. It is impossible and outrageous to believe that Defendants were unaware that Plaintiff was disabled and incapable of communication or defense of himself.

6.11 As a result of Defendants' collective conspiracy against Plaintiff, he as was falsely imprisoned, falsely arrested and assaulted and battered, after being falsely accused by Traci Duff and some other individuals in the Traci Scott Salon.

Unofficial Copy Office of Marilyn Burgess District Clerk

*Devin Zabihi Original Petition*

**Exhibit 1**

6.12    Plaintiff was violently apprehended by hotel management, employees and security, some of which are believed to be off duty Houston Police Officers. Plaintiff was then surrounded, hand-cuffed, maneuvered down the very long sidewalk adjacent to the Post Oak Hotel,  and forced into a holding room inside the Post Oak Hotel, all against his will, and all at the direction and conspiracy between Traci Duff and Traci Scott, LLC, another unnamed employee from the salon, together with Post Oak Hotel management, security employees and workers.

6.13    Traci Duff and Traci Scott, LLC and her employee acted in concert and conspiracy with the Post Oak Hotel, its management, and its security team to collectively harass, intimidate, falsely imprison, falsely arrest, and assault and coerce Plaintiff, Devin Zabihi.

6.14    Post Oak Hotel management, hotel security and employees refused to let Plaintiff go even after these individuals seized Plaintiff's phone, called his mother and were informed by her that Plaintiff's Father and brothers were inside the Craft F&B restaurant She also informed these individuals that location was where Plaintiff was eating with his family.

6.15    Plaintiff's mother then called Daniel Zabihi, Plaintiff's Father and guardian, and informed him of what was happening with Devin. Throughout the course of the entire event, Defendants never came to get Plaintiff's Father or family, even though Defendants were aware of Plaintiff's family's presence in the Craft F&B, located just a few steps from where Plaintiff was falsely arrested and also a few steps from the room Plaintiff was removed to and held in.

6.16    Plaintiff's Father instructed Kain Zabihi, Plaintiff's older brother, to "go and find out what is going on with Devin" as Daniel Zabihi paid the check for the family's meal.

6.17    When Kain Zabihi, arrived at the holding room he saw Plaintiff appear non-responsive and traumatized. Plaintiff's arms were unusually hanging down and it was obvious to Kain, Devin was overwhelmed and in fear. Kain explained to hotel staff and employees that Devin

*Devin Zabihi Original Petition*

**Exhibit 1**

was his brother and that he and his family were eating a meal at the restaurant. Hotel staff and security were extremely rude and affrontive to Kain Zabihi and demanded to see his driver's license. After Kain produced his own driver's license, hotel management security and staff began to demand Kain give them information regarding Plaintiff in order to make an "incident report". When Kain refused, the same individuals were extremely rude and refused to release Plaintiff.

6.18    It was not until Plaintiff's Father appeared that Post Oak Hotel staff and security released Plaintiff from their custody.

6.19    As a result of this abusive, extreme and outrageous conduct of Defendants in their violent and aggressive treatment of Plaintiff, Devin Zabihi, an innocent and autistic individual, Devin Zabihi has suffered damages as listed below.

## VII. MISNOMER/ ALTER EGO

7.1    On information and belief, Plaintiff is not aware at this time of the names and addresses of other persons who may be defendants in this lawsuit. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of the parties named herein.

7.2    Alternatively, Plaintiff contends that, because the owners of the named corporate parties are distinct from corporations, such "corporate veils" should be pierced to hold such parties as properly included to satisfy the interests of justice.

## VIII. RESPONDEAT SUPERIOR

8.    At all times material hereto, Defendants and their employees were in the course and scope of their employment with and for Defendants. Defendants are therefore liable for the gross negligence and negligence of its employees pursuant to the doctrine of *respondeat*

*Devin Zabihi Original Petition*

**Exhibit 1**

*superior*.

## CAUSES OF ACTION

### IX.  FALSE IMPRISONMENT

9.1     All previous paragraphs in this Petition are incorporated by reference as if fully set out herein. Under Texas law and common law, a citizen who causes an unjustified imprisonment and arrest is liable in damages which occur to an aggrieved victim. Private citizens or companies causing an arrest are under much stricter liability for false arrest than they would be for malicious prosecution. The citizen causing the arrest takes the responsibility that a crime has been committed by the accused. If a crime has not been committed the citizen, or company causing the arrest, are liable for damages without any defenses.

9.2     Defendants, Post Oak Hotel, Landry's Inc., Landry's Management, LP, Traci Duff and Traci Scott, LLC, and Uptown Houston Association willfully detained and falsely imprisoned, Plaintiff by unlawfully detaining him, handcuffing him, strong arming and maneuvering him to a holding room, searching his person, taking his phone, and not allowing him to leave. The detention was without Plaintiff's consent. Plaintiff could not resist with words or actions because he is non-verbal and autistic. The detention was without legal authority or justification.

### X.  FALSE ARREST

10.1     All previous paragraphs in this Petition are incorporated by reference as if fully set out herein. Under Texas law and common law, a citizen who causes an unjustified arrest is liable in damages which occur to an aggrieved victim. Private citizens or companies causing an arrest are under much stricter liability for false arrest than they would be for malicious prosecution. The citizen causing the arrest takes the responsibility that a crime has been

*Devin Zabihi Original Petition*

**Exhibit 1**

committed by the accused. If a crime has not been committed the citizen or company causing the arrest if liable for damages without any defenses.

10.2     Defendants, Post Oak Hotel, Landry's Inc., Landry's Management, LP, Traci Duff and Traci Scott, LLC, and Uptown Houston Association willfully conspired to falsely arrest Plaintiff by making repeated calls to security, performing defunct, negligent and grossly negligent investigation of the alleged "incident" and agreeing to unlawfully handcuff Plaintiff, maneuver him to a holding room, search his person and not allowing him to leave. The detention and arrest were without Plaintiff's consent. Plaintiff could not resist with words because he is non-verbal and autistic. The arrest was without legal authority or justification.

## XI.     ASSAULT AND BATTERY OF INDIVIDUAL AND/OR DISABLED INDIVIDUAL

11.1     All previous paragraphs in this Petition are incorporated by reference as if fully set out herein.

The elements of Assault are found in Tex. Pen. Code §22.01(a)(1). These are:

1.     The defendant(s) acted intentionally, knowingly or recklessly.

2.     The defendant(s) made contact with the plaintiff's person.

3.     The defendant's contact caused bodily injury to the plaintiff.

The elements of Assault on a Disabled individual are found in Tex. Pen. Code 22.01(a)(1-3) which states:

(a)  A person commits and offenses if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly or recklessly by omission, causes to a child, elderly individual, or disabled individual;

a.   Serious bodily injury;

*Devin Zabihi Original Petition*

**Exhibit 1**

b.   Serious mental deficiency, impairment or injury; or

c.   Bodily injury.

   i.   §22.04 (c)(3)(a)(i) "Disabled individual" means Autism spectrum

       disorder, as defined by § 1355.001 Insurance Code.

"Bodily injury" means "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. § 1.07(a)(8). This definition encompasses even relatively minor contact if it constitutes more than offensive touching. *Lasiter v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Any physical pain, however minor, will suffice to establish bodily injury. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).  A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some natural causes of it. *Id.* At 688.

11.2    Here, Defendants intentionally, knowingly and recklessly, conspired to falsely arrest and imprison Plaintiff, a disabled and incapacitated adult of nineteen-years-old. Defendants did make physical contact with Plaintiff when they seized him, jerked his arms behind his back, and then locked him in handcuffs. Defendants caused bodily injury to Plaintiff when they handcuffed him and continued to strong arm and maneuver him down the side of the very lengthy Post Oak Hotel building sidewalk and into the hotel lobby, proceeding to force Plaintiff into a holding room.

11.3    Here, Defendants arrested and imprisoned Plaintiff, searching him, seizing his phone, and refusing to let him leave their custody. Defendants would not release Plaintiff even after speaking to Plaintiff's mother, via Plaintiff's seized cell phone. In that conversation, Defendants were informed by her that Plaintiff and his father and two brothers were dining at the restaurant Craft F&B located inside the hotel. Defendants' continued to assault Plaintiff by their

*Devin Zabihi Original Petition*

**Exhibit 1**

restraint of Plaintiff and refusal to release Plaintiff to his brother Kain Zabihi, after Defendants had knowledge Plaintiff was a regular patron of the Craft F&B restaurant and a frequent guest of the hotel.

## XII.   MALICIOUS CRIMINAL PROSECUTION

12.1    All previous paragraphs in this Petition are incorporated by reference as if fully set out herein. As a result of Defendants actions, a malicious criminal prosecution was commenced against Plaintiff. Defendants collectively initiated or procured the malicious criminal prosecution against Plaintiff.

12.2    The prosecution was terminated in Plaintiff's favor when he was released by the personnel and security personnel of Post Oak Hotel and Landry's Inc. and Defendants dismissed the filing of an "incident report" against Plaintiff.

12.3    Plaintiff was innocent of all accusations which Defendants initiated and procured against Plaintiff. Traci J. Duff and Traci Scott Salon, the Post Oak Hotel and its management and security did not have probable cause to initiate or procure the criminal prosecution.

12.4    Defendants acted with malice. Plaintiff suffered damages as a result of this malicious criminal prosecution. Plaintiff seeks actual and general damages for harm to Plaintiff's reputation resulting from the accusation brought against him and the emotional distress resulting from the bringing of the proceedings. Finally, Plaintiff seeks exemplary damages for the malice shown by Defendants'.

## XIII.   CIVIL CONSPIRACY

13.1    All previous paragraphs in this petition are incorporated by reference as is fully set out herein. The Defendants' were a combination of two or more persons. The object of the

Unofficial Copy Office of Marilyn Burgess District Clerk

*Devin Zabihi Original Petition*

**Exhibit 1**

combination was to accomplish and unlawful purpose or a lawful purpose by an unlawful means.

13.2    The members had a meeting of the minds on the object or course of action. At least one of the members committed an unlawful overt act to further the objective or course of action, The Plaintiff suffered injury as a proximate result. Plaintiff seeks actual and exemplary damages for the underlying claims pled herein.

## XIV.    CIVIL RIGHTS VIOLATION/ RACIAL PROFILING 42-USC §1983

14.1    All previous paragraphs in this Petition are incorporated by reference and fully set out herein. Defendants' actions deprived Plaintiff of his right to liberty. While acting under the color of state law, Defendants' initiated an unlawful deprivation of Plaintiff's liberty in violation of 42 U.S.C.A. Section 1983. Even though Defendants' are not state officials, or were not acting in an official state capacity, Defendants created the appearance they were acting as Houston Police and the collateral consequences of state action causing the false imprisonment and arrest of Plaintiff.

14.2    Furthermore, Defendants' performed this violation of Plaintiff's Constitutional and Civil rights due to bias and racial profiling due to the fact he and his family are from Middle Eastern decent. As a result, Defendants are liable to Plaintiff for deprivation of his rights and under the United States and Texas Constitutions.

## XV.    DEFAMATION

15.1    All paragraphs in this Petition are incorporated by reference and fully set out herein. Defendants falsely imprisoned and arrested Plaintiff in front of hotel visitors and staff, accusing Defendant of indecent and lude behavior. The statements made by Defendants were

*Devin Zabihi Original Petition*

**Exhibit 1**

made to individuals with which Plaintiff and his family were friendly and familiar.

15.2     The defamatory statements and actions which Defendants made concerned Plaintiff. Defendants made these statements with actual malice knowing them to be false or with reckless disregard of whether the statements were false or not. Defendant also made the statements negligently in that Defendant should have known the statements they made were false. Plaintiff suffered damages as a result of statements made by Defendants.

15.3     Plaintiff seeks actual damages, Plaintiff also seeks general damages for injury to character and reputation, injuries to feelings, mental anguish and similar wrongs. Plaintiff also seeks exemplary damages and/or punitive damages as a result of Defendants' actual malice for defamation. Plaintiff seeks exemplary damages and/ or punitive damages as a result of Defendants' knowledge of the falsity or reckless disregard for the truth.

## XVI.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.1     All previous paragraphs in this Petition are incorporated by reference as if fully set out herein. Defendant acted intentionally and recklessly against the rights of Plaintiff. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

16.2     Defendants actions proximately caused Plaintiff emotional distress and the emotional distress suffered by Plaintiff has been severe to the point that Plaintiff has been fearful to go to the restroom alone or without his father, indicating stress, anxiety and depression by Plaintiff.

16.3     The acts and omissions of Defendants' as herein set out were a proximate cause of the injuries and damages sustained by Plaintiff. Plaintiff seeks actual damages including, but not

*Devin Zabihi Original Petition*

**Exhibit 1**

limited to mental anguish, loss of society, injury, pain and suffering. Finally, Plaintiff seeks both pre and post judgment interests and court costs.

## XVII. **FAILURE TO PROPERLY TRAIN, *RES IPSA LOQUITOR***

17.1      Defendants' and Defendants' employees and agents illegally detained Plaintiff, handcuffed him and maneuvered him a long distance away from the alleged "incident", unlawfully searched Plaintiff's person and refused to release Plaintiff, even when Defendants and their employees were informed the Plaintiff was autistic and a regular patron at the Post Oak Hotel and Craft F&B restaurant.

17.2      It appears obvious from their behavior they do not understand what constitutes probable cause for detention, arrest and the subsequent search of a citizen's person. A person would reasonably believe that properly trained "security" personnel, management and staff would understand the law surrounding an incident which is made the basis of this suit. The logical conclusion is the staff, management and "security" personnel have not been properly trained by Defendants.

17.3      Because the "security" employees of Defendants' have not been properly trained, their employer is liable for their actions and Plaintiff is entitled to recover his actual and consequential damages to include mental anguish arising from those actions.

## XVIII. **NEGLIGENCE AND/OR GROSS NEGLIGENCE**

18.1      All previous paragraphs in this Petition are incorporated by reference as if fully set out herein. At all times mentioned herein, Defendants owned the property in question. At all times herein, Defendants owed certain duties to Plaintiff, the breach of which proximately causes injuries to the Plaintiff set forth herein. On the occasion on question, each Defendant was

*Devin Zabihi Original Petition*

**Exhibit 1**

negligent and/or grossly negligent in one or more of the following respects:

1. Hiring incompetent, rude and aggressive employees;

2. Failure to properly and adequately investigate the allegations made by Defendant Traci Scott Salon and Traci J. Duff;

3. Failing to adequately or properly train its incompetent "security" employees and management team;

4. Failing to adequately or properly supervise its incompetent and aggressive "security" employees and management team;

5. Retaining incompetent, rude and aggressive "security" employees and management team;

6. Failing to provide adequate security on the property;

7. Failing to take action to prevent the incident in question;

8. Failing to maintain safe premises;

9. Violating applicable government regulations, laws, and rules.

18.2    Each of the foregoing acts, alone or in combination with the others, constitutes negligence and/ or gross negligence and a violation of Defendants' duty of care to Devin Zabihi which proximately caused physical and mental injuries to Devin Zabihi.

## XIX.   GROSS NEGLIGENCE

19.1    Plaintiff incorporates by reference, as if set forth in full, the material and factual allegations in the preceding paragraphs.  Plaintiff would further show, these acts and omissions, the Defendants' were grossly negligent as the term is defined by Chapter 41 of the Texas Civil Practice and Remedies Code, because its conduct constituted one or more acts or omissions

1. when viewed objectively from the standpoint of Defendants, involved an extreme

*Devin Zabihi Original Petition*

**Exhibit 1**

degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others; and

2. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19.2    Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of employment and/or agency for said Defendants. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitutes a direct and proximate cause of the injuries and damages set forth below.

19.3    As such, Defendants are grossly negligent and should be subjected to exemplary damages in the amount of $1,000,000.00.

## XX. VICE PRINCIPAL

20.1    The acts of gross negligence, alone or in combination with others, proximately caused the occurrence in question and the injuries to Plaintiff Devin Zabihi. Defendants are liable for the acts of a vice-principal because at the time of the incident giving rise to this suit, Defendants' security employees were Defendants Landry's, Inc., Landry's Management, L.P., Uptown Houston Association, Post Oak Hotel, Traci J. Duff and Traci Scott Salon's and/or Traci Scott LLC agent and or principal in the concert of action. This makes the actions of any of Defendants' vice-principals the actual acts of Defendants itself.

20.2    The actions of any security employees and/or independent contractors were directly related to Defendants individually and their businesses. As a result, Defendants are liable

*Devin Zabihi Original Petition*

**Exhibit 1**

for the acts of their vice-principals. A corporate Defendant may be held liable for the exemplary damages of the actions of its vice-principals.

## XXI. ACTUAL DAMAGES

21.1    Plaintiff incorporates by reference, as if set forth in full, the material and factual allegations in the preceding paragraphs.

21.2    Defendants' intentional acts and omissions as described herein have been the proximate cause of damages to Plaintiff.  Plaintiff seeks monetary relief over $1,000,000.00 or whatever the jury deems appropriate.  Plaintiff has suffered damages, including but not limited to:

    a)  Physical and mental pain and anguish in the past;

    b)  Loss of wage-earning capacity;

    c)  Physical and mental pain and anguish in the future;

    d)  Medical expenses;

    e)  Attorney's fees.

21.3    Plaintiff has suffered damages from Defendants' and/or Defendants' agents wrongful conduct described herein. As discussed in this petition, Plaintiff has suffered not only economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Texas Constitution provide Plaintiff with the inalienable right to have his case decided by a jury of his peers at trial.

21.4    In accordance with these fundamental rights it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is

*Devin Zabihi Original Petition*

**Exhibit 1**

seeking. Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed one million dollars. Plaintiff therefore sues for monetary relief over $1,000,000.00 to be determined by the jury at its sole discretion.

## XXII. EXEMPLARY DAMAGES

22.1   Plaintiff brings exemplary and/or punitive damages against Defendants' for the conspiracy between Defendants and their agents, and the knowing and intentional conduct of Defendants' and their employees and security personnel in their false imprisonment and false arrest of Plaintiff and the resulting injury to him.  Plaintiff brings exemplary and/or punitive damages against Defendants' own gross negligence and gross negligence by one or more of Defendants' agents in hiring, retaining, failing to train and failing to supervise such incompetent and unfit employees. Plaintiff Devin Zabihi therefore sues for exemplary damages in an amount to be determined by a jury and in its sole discretion.

## XXIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

23.   Plaintiff seeks pre-judgment and post-judgment interest in the highest amount provided by law.

## XXIV. JURY DEMAND

24.   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands a trial by jury and tenders the jury fee along with this filing.

## XXV. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

25.   Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments and information produced in this case at trial. Such discovery instruments and information include, but are not limited to, all documents and

*Devin Zabihi Original Petition*

**Exhibit 1**

discovery responses Defendants have produced and will produce in response to Plaintiff's discovery requests and/or any party's discovery requests.

## XXVI.  REQUESTS FOR DISCLOSURE TO ALL PARTIES

26.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby requests that you respond to items (A) through (L) no later than fifty-one (51) days from the service of this lawsuit.

## XXVII.  REQUESTS FOR PRODUCTION TO ALL PARTIES

27.     Request is hereby made by Plaintiff, pursuant to the TEXAS RULES OF CIVIL PROCEDURE 192 AND 196, that Defendants' produce or permit the undersigned attorney, to inspect and copy or reproduce the items hereinafter designated. Within fifty-one (51) days after the service of these Requests for Production, you must serve written response to the undersigned attorney at 8961 Fallsbrook Ct. Conroe, Texas, 77302, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection; and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the TEXAS RULES OF CIVIL PROCEDURE, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable to do so before obtaining a ruling of the objection. Furthermore, demand is made for the supplementation of your answers to these discovery requests as required by Rule 193.5 of the TEXAS RULES OF CIVIL PROCEDURE.

**REQUEST NO. 1:**     All videotapes and photographs depicting the Plaintiff on the day in question which is made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:**     All incident reports made by Defendants' individually or collectively on the day in question.

*Devin Zabihi Original Petition*

**Exhibit 1**

**RESPONSE:**

**REQUEST NO. 3:**    Names of all staff working as security personnel on the day in question.

**RESPONSE:**

**REQUEST NO. 4:**    Copies of all training material used to train security personnel.

**RESPONSE:**

**REQUEST NO. 5:**    Copies of all training material used to train management and staff.

**RESPONSE:**

**REQUEST NO. 6:**    True and correct copies of any and all photographs, video surveillance, films, or other graphic images of Devin Zabihi (including but not limited to surveillance photographs, videotapes, films or other graphic images of Devin Zabihi); from each and every scene of the incident which is made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 7:**    True and correct copies of any and all photographs, video surveillance, films, or other graphic images depicting Defendants and any lessee, employee or lessee's employee, or independent contractor of Defendants' observing or reacting to Plaintiff on the day in question made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 8:**    True and correct copies of any and all documents in Defendants' custody and care or constructive control which mention the name of Devin Zabihi, Daniel Zabihi, and/or Kain Zabihi, either collectively or separately, other than documents for which Defendants' in good faith claims a privilege. With respect to each document for which Defendants in good faith claims a privilege, please provide a privilege log in compliance with Rule 193.3(b) of the Texas Rules of Civil Procedure.

**RESPONSE:**

**REQUEST NO. 9:**    True and correct copies of any and all documents which mention, reflect or refer to any training given by Defendants to the "security" employees and management who falsely arrested and imprisoned Devin Zabihi.

**RESPONSE:**

**REQUEST NO. 10:**    True and correct copies of any and all personnel files of the employees and/ or independent contractors who falsely imprisoned Devin Zabihi.

**RESPONSE:**

**REQUEST NO. 11:**    True and correct copies of any and all documents which mention, reflect or refer to any background check Defendants performed concerning the employees and/or independent contractors who falsely imprisoned and falsely arrested Devin Zabihi.

Unofficial Copy © of Marilyn Burgess District Clerk

*Devin Zabihi Original Petition*

**Exhibit 1**

**RESPONSE:**

**REQUEST NO. 12:**     True and correct copies of any and all documents which mention, reflect or refer to supervision by Defendants of the employees and/or independent contractors who falsely imprisoned and falsely arrested Devin Zabihi.

**RESPONSE:**

**REQUEST NO. 13:**     True and correct copies of any and all documents which mention, reflect or refer to any complaints concerning the "employees" and/or independent contractors or management staff who falsely imprisoned and falsely arrested Devin Zabihi.

**RESPONSE:**

**REQUEST NO. 14:**     True and correct copies of any and all interviews, and/or depositions Defendants performed with their "employees" and/or independent contractors that relate to the incident which made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 15:**     True and correct copies of any and all leases between Defendants, including any leases between Defendants and their "employees" and/or subcontractors who conspired to, and then did falsely imprison and falsely arrest Devin Zabihi.

**RESPONSE:**

**REQUEST NO. 16:**     True and correct copies of any and all documents which mention, reflect or refer to any policies and/or procedures concerning the duties or activities of employees that were in force and effect on the premises of Defendants on the date of the incident made the basis of this lawsuit, including but not limited to any employee manuals.

**RESPONSE:**

**REQUEST NO. 17:**     True and correct copies of any and all documents which mention, reflect or refer to any policies and/or procedures concerning the provision or hiring of security that were in force and effect on the premises of Defendants on the date of the incident made the basis of this lawsuit, including but not limited to any employee manuals.

**RESPONSE:**

**REQUEST NO. 18:**     True and correct copies of any and all daily activity reports, daily logs and/or incident reports made by the security "employees" and/or independent contractors or management or Defendants regarding Devin Zabihi at any time from July 8, 2019 to the present.

**RESPONSE:**

**REQUEST NO. 19:**     True and correct copies of any and all documents which mention, reflect or refer to any complaints concerning "employees" and /or independent contractors who injured The Post Oak Hotel patrons, in any prior or subsequent similar incident in the five (5) years preceding the incident in question to the present.

**RESPONSE:**

*Devin Zabihi Original Petition*

**Exhibit 1**

**RESPONSE:**

**REQUEST NO. 20:**     True and correct copies of any leases existing between Defendants.

**RESPONSE:**

**REQUEST NO. 21:**     True and correct copies of any and all correspondence between Defendants, Defendants attorneys, or Defendants' insurance carrier regarding the incident, which is the basis for this suit, regardless of who generated such correspondence.

**RESPONSE:**

**REQUEST NO. 22:**     True and correct copies of any insurance contracts Defendants maintain, including but not limited to premises liability insurance.

**RESPONSE:**

**REQUEST NO. 23:**     True and correct copies of any and all settlement agreements Defendants have made in the past five (5) years in incidents based on substantially similar incidents as the one made the basis of this suit.

**RESPONSE:**

## XXVIII. REQUESTS TO ENTER PROPERTY OF DEFENDANTS THE POST OAK HOTEL AND TRACI SCOTT SALON

28.1    Plaintiff, Devin Zabihi serves this Request to enter the Post Oak Hotel lobby and

pertinent areas to this lawsuit, along with Craft F&B restaurant and Traci Scott Salon

which is owned and/or operated by Defendants and located at 1600 West Loop South

Houston, Texas 77027. This request is served under the authority of Tex. R. Civ. Pro.

196.7.

1.    Plaintiff suggests that the inspection takes place on Monday, November 11, 2019

at 2:00 P.M., or at any other time agreeable to the parties.

2.    Plaintiff requests permission to inspect and photograph the property listed above.

3.    The scope of the inspection and photographing will be as listed above.

4.    The person who will conduct the inspection and photography will be Chuck

# Exhibit 1

Marler, who is qualified to perform the inspection and photographing of the premises of Defendants due to his training with the Federal Bureau of Investigation in surveillance equipment operation and use, and his military and educational background.

5.  Plaintiff requests permission to allow Cheryl Ellsworth Jahani, attorney for Plaintiff, to attend the inspection.

### PRAYER

29.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein and upon final trial hearing of this cause, that Plaintiff recover judgment of and from Defendants for all damages suffered by Plaintiff as a result of Defendants' actions, including, but not limited to:

1.  damages in an amount in excess of the jurisdictional limits of the Court to be determined by a jury in its sole discretion;

2.  general damages;

3.  special damages;

4.  nominal damages;

5.  exemplary damages and/or punitive damages in an amount in excess of the jurisdictional limits of the Court:

6.  attorney's fees in such amount as evidence shows and the finder of fact determines to be proper;

7.  pre-judgment interest and post-judgment interest at the highest rate allowed by law;

8.  and such other relief to which Plaintiff may be entitled whether at law or in equity.

*Devin Zabihi Original Petition*

**Exhibit 1**

Respectfully Submitted,

**THE LAW OFFICE OF CHERYL ELLSWORTH JAHANI**

*/s/ Cheryl Ellsworth Jahani*
**Cheryl Ellsworth Jahani**
SBN: 24104007
8961 Fallsbrook Ct.
Conroe, Texas 77302
Office: 970.596.7459
Fax: 832.857.0999
christinejahani@gmail.com

*Devin Zabihi Original Petition*

**Exhibit 1**