CAUSE NO. 2019-74234

| | | |
|---|---|---|
| DEVIN ZABIHI, by and through his Father and GUARDIAN, DANIEL ZABIHI<br>*Plaintiff,*<br><br>vs.<br><br>THE POST OAK HOTEL, LANDRY'S, INC., LANDRY'S MANAGEMENT, LP, UPTOWN HOUSTON ASSOCIATION, TRACI J. DUFF, INDIVIDUALLY, AND TRACI SCOTT, L.L.C., JOSHUA BARRY, INDIVIDUALLY, AND MONUMENT PROTECTIVE SERVICES, LLC<br>*Defendants.* | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br>61st JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br><br>HARRIS COUNTY, TEXAS |

## Defendants' Original Answer

Defendants 1600 West Loop South, LLC (improperly named The Post Oak Hotel), Landry's, LLC (improperly named Landry's, Inc.), and Landry's Management, L.P. (improperly named Landry's Management, LP) ("Defendants") file this answer in response to the Original Petition of Plaintiff Devin Zabihi, by and through his father and guardian, Daniel Zahibi ("Plaintiff"). In support, Defendants would show the Court the following:

## General Denial

1.    As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants enter a general denial of all matters pleaded by Plaintiff and request that the Court require Plaintiff to prove his charges and allegations by a preponderance of the evidence as required by the rules, statutes and Constitution of the State of Texas.

## Affirmative Defenses

2.    Defendant Landry's, LLC is an improper party to this action in that it does not directly own or operate the premises in question, and thus owed no duty to Plaintiff.

**Exhibit 3**

3. Defendant Landry's Management, L.P. is an improper party to this action in that it does not directly own or operate the premises in question, and thus owed no duty to Plaintiff.

4. Plaintiff's claims and causes of action, if any, against Defendants are barred because Plaintiff's own negligence contributed, in whole or in part, to the incident made the basis of this lawsuit.

5. Plaintiff's claims and causes of action, if any, against Defendants are barred because Plaintiff's own negligence contributed, in whole or in part, to the incident made the basis of this lawsuit and such negligence was the sole proximate cause of Plaintiff's alleged injuries.

6. This action is subject to the proportionate responsibility provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of Section 33.003 thereof that the trier of fact determine the proportionate responsibility of each claimant, defendant and responsible third party that may be joined or named in the suit, and that Plaintiffs' recovery, if any, from Defendants, should be reduced by the comparative negligence, fault, responsibility or causation attributable to all other parties and responsible third parties.

7. Plaintiff failed to exercise ordinary care that proximately caused, in whole or in part, the damages, if any complained of by Plaintiff.

8. Plaintiff's claims are barred, in whole or in part, for failure to mitigate his damages, if any.

9. The damages, if any, to Plaintiff were proximately caused, in whole or in part, by unforeseeable acts or omissions of third parties over whom Defendants had no control or right of control.

**Exhibit 3**

10. Plaintiff cannot recover punitive damages in this case because such an award would be unconstitutional, illegal or against public policy. Defendant will show that any award of exemplary damages, as requested by Plaintiff, would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

11. Defendants hereby invoke the limitation on punitive damages under Chapter 41, Texas Civil Practices and Remedies Code.

12. An award of prejudgment interest violates Defendant's rights to due process of law because the rate is unreasonable and excessive.

13. Defendants hereby invoke the limitation on the recoverability of medical expenses pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code.

14. Defendants invoke their rights to the reduction of any verdict that may be rendered in this cause by credit for payments made by other persons or by percentage reduction to which Defendant would be entitled.

15. Defendants plead the defense set forth in Tex. Civ. Prac. & Rem. Code § 18.091, requiring Plaintiff to prove his loss of earnings and/or loss of earning capacity in the form which represents his net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. Additionally, Defendants request the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal and state income taxes.

## JURY DEMAND

16. Defendants demand a trial by jury trial pursuant to Texas Rule of Civil Procedure 216.

Exhibit 3

## REQUEST FOR DISCLOSURE

17. Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.2(a) through (l).

## NOTICE THAT DOCUMENTS WILL BE USED

18. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give notice that all documents produced by Plaintiff will be used at any pretrial proceeding or at the trial of this case.

WHEREFORE, Defendants 1600 West Loop South, LLC (improperly named The Post Oak Hotel), Landry's, LLC (improperly named Landry's, Inc.), and Landry's Management, L.P. (improperly named Landry's Management, LP) pray that upon final hearing, judgment be entered and that Plaintiff take nothing, that Defendants be discharged with their costs, and for such other relief to which Defendants may be entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: */s/ R. Edward Perkins*
    R. Edward Perkins
    State Bar No. 15790410
    eperkins@sheehyware.com
    Mary London Fuller
    State Bar No. 24087912
    mfuller@sheeyware.com
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone: (713) 951-1000
Fax: (713) 951-1199

**Attorneys for Defendants**
**1600 West Loop South, LLC, Landry's, LLC, and Landry's Management, L.P.**

**Exhibit 3**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure on October 17, 2019.

      Cheryl Ellsworth Jahani
      The Law Office of Cheryl Ellsworth Jahani
      8961 Fallsbrook Ct.
      Conroe, Texas 77302
      christinejahani@gmail.com

                                                */s/ R. Edward Perkins*
                                                R. Edward Perkins

3601775

**Exhibit 3**